UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SAFRON CAPITAL CORPORATION
et al.,

        Plaintiffs,

-v-                                         No. 09 Civ. 1826 (LTS)

CHESAPEAKE ENERGY CORPORATION
et al.,

        Defendants.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 0 6 2009

### MEMORANDUM ORDER

        This putative securities class action was commenced by the filing of a complaint by Safron Capital Corporation on February 26, 2009. (Docket entry no. 1.) The Court appointed United Food and Commercial Workers Union Local 880 - Retail Food Employers Pension Fund ("UFCW") as Lead Plaintiff and approved UFCW's selection of Coughlin Stoia Gellar Rudman & Robbins LLP as Lead Counsel on May 28, 2009. (Docket entry no. 31.) The Complaint asserts claims arising under the federal securities laws against Chesapeake Energy Corporation ("Chesapeake"), various individual officers and directors of Chesapeake (the "Individual Defendants"), and four investment banks that underwrote the securities offering at issue (the "Underwriter Defendants"). The Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331. Chesapeake and the Individual Defendants have filed a motion to transfer venue to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a), which the Underwriter Defendants have joined. The Court has thoroughly considered the parties' submissions. For the following reasons, the motion is granted.

        28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (West 2006). Adjudication of a motion to transfer venue thus requires a two-pronged analysis: the Court must determine whether the action could have been brought in the transferee district and, if so, whether it would be an appropriate exercise of discretion to order the transfer. It is uncontested that this action could have been brought in the transferee court, as that court would have subject matter jurisdiction of the claims, personal jurisdiction over the defendants and would constitute a proper venue. See American Tel. & Tel. Co. v. Milgo Electronic Corp., 428 F. Supp. 50, 52 (S.D.N.Y. 1977).

The Court thus turns to the second prong of the analysis, which is guided by the factors summarized in the In re Nematron Corp. Sec. Litig. case:

> In determining whether transfer is warranted for the convenience of the parties and witnesses [and] in the interest of justice under § 1404(a), courts generally consider several factors. The factors to be considered . . . include (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

Id., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998) (internal citations and quotation marks omitted). The moving party has the burden of proving by clear and convincing evidence that the balance of convenience favors its choice. Id. The first four factors favor transfer to the Western District of Oklahoma: transfer serves the convenience of the parties because Chesapeake's headquarters and the Individual Defendants' residences are in the transferee district (and the Underwriter Defendants have joined the transfer motion), whereas Plaintiffs, a nationwide class, have no particular ties to this district. Transfer also serves the convenience of the non-party witnesses because the movants'

proffers demonstrate that the central non-party witnesses are Chesapeake employees, who reside in the transferee district, and employees of the Underwriter Defendants or other professionals who performed services related to the securities offering at issue and live and work in the transferee district or in the neighboring state of Texas. See Grigsby Decl. ¶¶ 10, 13-17; Johnson Decl. ¶¶ 6, 11-12, 18-21; Mobley Decl. ¶¶ 6-7. Movants have also demonstrated that the principal allegations in the Complaint – which are directed to Chesapeake's corporate decision-making; the Underwriters' due diligence of Chesapeake; and the drafting of the Registration Statement and the failure to disclose Chesapeake's exposure to Lehman Brothers in the Registration Statement – place the locus of operative facts, as well as the bulk of the relevant documents, in the transferee district. See Grigsby Decl. ¶¶ 6-11, 18-22; Rowland Decl. ¶¶ 6-11; Johnson Decl. ¶¶ 10, 19-22; Mobley Decl. ¶¶ 12-13, 16-18.

On this record, which is devoid of any proffers by Plaintiffs as to the location of any specific types of evidentiary material or the convenience of any specific witnesses, none of the nine factors cuts in Plaintiffs' favor. Nor does Plaintiffs' speculative argument that two of the Individual Defendants are likely to receive preferential treatment in the transferee court due to their previous political careers in Oklahoma add any weight to Plaintiffs' argument against transfer. Plaintiff's other central argument – that Lehman Brothers' ties to this district make this court the appropriate venue – is a red herring: the Complaint's allegations are directed to Chesapeake's decision-making with respect to Lehman Brothers, which occurred at Chesapeake's headquarters, rather than the actions of Lehman Brothers itself, which is not a party to this action. Furthermore, in the context of a nationwide securities class action, Plaintiffs' choice of forum is accorded little weight. See In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998). Accordingly, Defendants have met their burden of demonstrating by clear and convincing evidence

that the totality of the circumstances warrants transfer to the Western District of Oklahoma.

CONCLUSION

Defendants' motion to transfer this action to the United States District Court of the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a) is granted. The Clerk of Court is requested to effectuate the transfer promptly and close this case. This Order resolves docket entry no. 32.

SO ORDERED.

Dated: New York, New York
October 6, 2009

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge